IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence E. Crittendon,  ) | |
| ) | No.: 8:15-cv-1888-RMG |
| Petitioner,  ) | |
| ) | |
| v.  ) | |
| ) | **ORDER** |
| Leroy Cartledge, *Warden*,  ) | |
| ) | |
| Respondent.  ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 32), recommending that Respondent's Motion for Summary Judgment (Dkt. No. 13) be granted and the habeas petition be dismissed. For the reasons stated below, the Court **ADOPTS** the R & R, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** the habeas petition.

## I. Background

Petitioner was indicted in March 2004 for lewd act upon a child under sixteen and criminal sexual conduct first degree, and he was re-indicted for criminal sexual conduct with a minor-first degree in July 2006. (Dkt. No. 14-1 at 345–50). After a two-day jury trial in December 2006, the jury returned a guilty verdict on both charges. (*Id.* at 174). Petitioner was sentenced to fifteen years' imprisonment for the charge of lewd act on a minor under sixteen and thirty years' imprisonment for the charge of criminal sexual conduct with a minor-first degree, to run concurrently. (Dkt. No. 1 at 1).

Petitioner appealed his conviction to the South Carolina Court of appeals through an *Anders* brief on February 14, 2008. (Dkt. No. 14-5). The brief raised a single issue:

> Did the judge err in failing to grant a mistrial when, in closing argument, the prosecutor made the comment that the defense has shown you what I like to call a

1

smoke and mirrors act because the comment constituted an improper comment on the defendant's right to remain silent?

(*Id.* at 4). On September 22, 2008, Petitioner filed an affidavit stating that he wanted to dismiss the appeal and waived any issues that had been raised (Dkt. No. 14-10), and the Court of Appeals issued the remittitur on October 6, 2008. (Dkt. No. 14-11).

On December 17, 2008 Petitioner filed a *pro se* application for post-conviction relief (PCR) raising claims of (1) ineffective assistance of trial counsel, (2) prosecutorial misconduct, and (3) subject matter jurisdiction. (Dkt. No. 14-12). An evidentiary hearing took place on October 3, 2011, and the PCR court dismissed Petitioner's application with prejudice on January 17, 2012. (Dkt. No. 14-1 at 272–87).

Petitioner filed a second *pro se* PCR application on October 10, 2012, in which he raised the following ground: "Post conviction relief attorney failed to file appeal from post conviction relief hearing." (Dkt. No. 14-1 at 289). He alleged that he had informed his PCR counsel to file a Rule 59(e) motion and appeal if the first PCR application was denied, and that he was seeking permission to file a belated appeal. (Dkt. No. 14-1 at 298). After a hearing, the PCR court filed an order granting a belated appeal. (Dkt. No. 14-1 at 340).

Petitioner timely filed a notice of appeal, and his appellate counsel filed two petitions for writ of certiorari in the South Carolina Supreme Court. The first petition raised the following issue:

> Where Petitioner asked PCR counsel to file an appeal [and] wrote PCR counsel asking for an appeal, yet PCR counsel failed to file an appeal, did the PCR court properly grant petitioner a belated appeal from his first PCR pursuant to Austin v. State?

(Dkt. No. 14-4 at 3). And the second petition for writ of certiorari raised the following two issues:

2

    1.    Whether, in a child sex abuse case, trial counsel rendered ineffective assistance in failing to call petitioner's brother who testified at PCR that the child's family had a motive to fabricate the abuse allegations?

    2.    Whether trial counsel was ineffective in failing to ask for a speedy trial where a key witness for the defense died before trial from cancer?

(Dkt. No 14-5 at 3). The Supreme Court of South Carolina granted the first petition for writ of certiorari, and denied the second petition for writ of certiorari on January 15, 2015. (Dkt. No. 14-17). The Supreme Court remitted the matter on February 2, 2015. (Dkt. No. 14-18).

Petitioner filed this Petition for Writ of Habeas Corpus on April 30, 2015. (Dkt. No. 1). Petitioner raises four grounds for relief: (1) ineffective assistance of trial counsel, (2) speedy trial violation, (3) trial counsel failed to object during closing argument, and (4) that the court lacked subject matter jurisdiction. (Dkt. No. 1).

The Magistrate Judge found that none of the Petitioner's grounds satisfied § 2254(d)'s standards and that all of the grounds lacked merit. (Dkt. No. 32). Petitioner did not file any objections.

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

3

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## B. Federal Habeas Review

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## C. Habeas Review of Ineffective Assistance of Counsel

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668,

4

686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

### III. Discussion

Petitioner's first ground for relief is ineffective assistance of trial counsel. This is further broken up into two components: (1) trial counsel was ineffective for failing to call witnesses, and (2) trial counsel was ineffective for failing to advise him of a lesser included offense. Although Petitioner raised the first issue below, he did not raise the second until his petition for writ of habeas corpus. Similarly, Petitioner did not raise his part of his second ground for relief (denial of access to a speedy trial) in the PCR court below or his *Austin* brief. And although Petitioner did raise his third ground for relief (failure to object to the prosecution's closing argument) in his PCR hearing, he did not present it to the South Carolina Supreme Court in his *Austin* brief. Accordingly, it is procedurally barred unless Petitioner presents cause or a fundamental miscarriage of justice. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011) (noting that a habeas petitioner must "fairly present his claims to the state's highest court."). Petitioner filed no

objections to the R & R, and his petition failed to demonstrate cause or a fundamental miscarriage of justice that would allow this Court to overlook the procedural deficiencies. *See, e.g., Yeatts v. Angelone*, 166 F.3d 255, 260–61 (4th Cir. 1999). The Court finds that the Magistrate Judge ably summarized the factual and legal issues and adopts the Magistrate Judge's finding on these issues as its own.

Petitioner's fourth ground for relief is that the trial court lacked subject matter jurisdiction due to an indictment issue. (Dkt. No. 1 at 10). However, state court subject matter jurisdiction is a noncognizable issue on federal habeas review. *See* 28 U.S.C. § 2254(a) (stating that federal court will review only petitions alleging violations of federal law). Accordingly, this claim is dismissed.

Returning briefly to Petitioner's remaining causes of action—that is, (1) that his trial counsel was ineffective because he failed to call witnesses, and (2) that his trial counsel was ineffective in failing to raise the speedy trial issue—the Court finds that the Magistrate Judge has very thoroughly and correctly addressed why neither claim is meritorious. Because Petitioner has filed no objections and the Court agrees with the Magistrate Judge's analysis, the Court adopts the Magistrate Judge's findings as its own.

## IV. Conclusion

The Court **ADOPTS** the R & R (Dkt. No. 32), **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 13), and **DISMISSES** the habeas petition.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

6

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March ?, 2016
Charleston, South Carolina